14-253-cv
*Sotheby's Int'l Realty v. Relocation Grp., LLC*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 6th day of January, two thousand fifteen.

PRESENT:    GUIDO CALABRESI,
            BARRINGTON D. PARKER,
            DEBRA ANN LIVINGSTON,
                         *Circuit Judges.*

_____

SOTHEBY'S INTERNATIONAL REALTY, INC.,
                         *Plaintiff-Appellee,*

    -v-                                                    No. 14-253-cv

RELOCATION GROUP, LLC,
                         *Defendant-Appellant,*

PETER ROSATO,
                         *Defendant.*

_____

                         KATHLEEN M. SCANLON, Law Offices of Kathleen M.
                         Scanlon, PLLC, New York, NY, and THOMAS E.
                         CROSBY, Crosby Law Firm. LLC, Guilford, CT, *for
                         Plaintiff-Appellee.*

                         JOHN R. HARNESS, Law Office of John R. Harness,
                         Stamford, CT, *for Defendant-Appellant.*

BRIAN DEL GATTO and JULIA PARIDIS, Wilson, Elser, Moskowitz, Edelman & Dicker LLP, Stamford, CT, *for Amicus Curiae NRT New England LLC d/b/a Coldwell Banker Residential Brokerage*.

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **REVERSED**.

Defendant-Appellant Relocation Group, LLC ("Relocation Group") appeals from the January 28, 2013, judgment of the United States District Court for the District of Connecticut (Young, *J.*) (sitting by designation) granting the petition to vacate an arbitration award in Relocation Group's favor brought by Plaintiff-Appellee Sotheby's International Realty, Inc. ("Plaintiff-Appellee"). The district court vacated the award on the ground that the arbitration panel had acted in "manifest disregard of the law" by improperly applying Conn. Gen. Stat. § 20-325a(b), which requires real estate brokers to meet certain statutory prerequisites before commencing an action to recover a commission. *See Sotheby's Int'l Realty, Inc. v. Relocation Grp., LLC*, 987 F. Supp. 2d 157, 168-69 (D. Conn. 2013). On appeal, Relocation Group contends that the district court improperly applied the manifest disregard of the law standard. We assume the parties' familiarity with the facts of the case and the issues presented for appellate review.

This Court reviews *de novo* the district court's application of the manifest disregard of the law standard. *See GMS Grp., LLC v. Benerson*, 326 F.3d 75, 77 (2d Cir. 2003). Manifest disregard is a severely limited doctrine that imposes a heavy burden on the party seeking to vacate an arbitral award. "[I]t is a doctrine of last resort—its use is limited only to those exceedingly rare instances where some egregious impropriety on the part of the arbitrators is apparent." *Duferco Int'l Steel Trading v. T. Klaveness Shipping A/S*, 333 F.3d 383, 389 (2d Cir. 2003). Above all else, "[a] motion

2

to vacate filed in a federal court is not an occasion for *de novo* review of an arbitral award." *Wallace v. Buttar*, 378 F.3d 182, 189 (2d Cir. 2004).

As we have said before, "[a] court reviewing an arbitral award cannot presume that the arbitrator is capable of understanding and applying legal principles with the sophistication of a highly skilled attorney." *Id.* at 190. For this reason, and because of the "great deference" that courts must grant an arbitration panel's decision, *id.* at 189, this Court has imposed the following three requirements in order to find that an award was issued in manifest disregard of the law. "First, we must consider whether the law that was allegedly ignored was clear," as "[a]n arbitrator obviously cannot be said to disregard a law that is unclear or not clearly applicable." *T.Co Metals, LLC v. Dempsey Pipe & Supply, Inc.*, 592 F.3d 329, 339 (2d Cir. 2010). Second, we must find that the arbitrators did in fact err in their application of the law, and that the outcome reached was erroneous. *Id.* "Even where explanation for an award is . . . non-existent, we will confirm it if a justifiable ground for the decision can be inferred from the facts of the case." *Id.* Third, we must find that the arbitrators knew of the law's existence and its applicability to the problem before them. *Id.*

The district court in this case failed to apply this test, opting instead for a detailed examination of Conn. Gen. Stat. § 20-325a(b), citing numerous unpublished cases and quoting at length from the statute's legislative history. *See Wallace*, 378 F.3d at 189. Its analysis was problematic. First, the law that is allegedly flouted must be clear. But the district court here did not find § 20-325a(b) to be clear. Instead, the court noted that construing § 20-325a(b) by its terms would be "definitively absurd," *Sotheby's*, 987 F. Supp. 2d at 167, without considering how a statutory provision can be "absurd" on its face and yet clear. The second step requires a district court

3

to examine the record and the law for any "barely colorable justification" for the panel's decision. *Wallace*, 378 F.3d at 190 (quoting *Banco de Seguros del Estado v. Mut. Marine Office, Inc.*, 344 F.3d 255, 260 (2d Cir. 2003)). The district court also failed to address alternate readings of § 20-325a(b) that might have supported the arbitrators' decision. The district court's determination that the panel acted in manifest disregard of the law was, we believe, incorrect.

We have considered all of Plaintiff-Appellee's remaining arguments and find them to be without merit.  For the foregoing reasons, the judgment of the district court is hereby **REVERSED**. We direct the district court to enter an order confirming the arbitration award.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk

4